#### JULY 18, 1843.

*Barbara J. Carroll* v. *Christian H. Sand et al.* W. C. RUSSELL, for complainant; L. H. SANDFORD, for defendants. This was an appeal from an order or decision of the vice chancellor of the first circuit refusing to set aside, modify or dissolve an injunction, and ordering the defendant Sand and his attorney in an ejectment suit against J. M. Brown, to vacate the judgment entered in such suit, or that an attachment issue against them. The bill in this cause was sworn to on the 18th of July 1842. On the 20th of the same month it was filed, and an injunction was obtained on a certificate of the vice chancellor acting as an injunction master, restraining all proceedings on the part of Sand to obtain possession of a lot of land in the city of New-York, and restraining him from exercising any authority or control over the lot, or meddling or interfering with the same, or from receiving or collecting the rents thereof, or exercising any acts of ownership in relation to the lot. But the day before the filing of the bill and the issuing of the injunction, Sand had commenced an action of ejectment against Brown, who was not made a party to this suit, to obtain possession of the premises. And after the service of the injunction he proceeded in that suit to judgment and issued an execution for his costs, but did not take out any other execution. Nothing was stated in the bill as to the commencement of this ejectment suit, and the injunction was granted by the vice chancellor without knowing

*Marginal note:* Effect of injunction upon suits at law previously commenced.

5

that any such suit had been commenced. Another objection to the regularity of the injunction was, that the sureties in the bond which was given upon the allowance of the injunction did not justify, as required by the 172d rule.

THE CHANCELLOR. I think the vice chancellor erred in sustaining this injunction as a valid injunction to restrain the proceedings in the ejectment suit against Brown, which was commenced previous to the filing of the bill and entering the order for the injunction. If the complainant knew of the ejectment suit commenced on the nineteenth of July at the time she filed her bill in this cause, the next day, she should have amended it by stating the fact of the commencement of the ejectment suit, and by making the defendant in the suit at law a party, and she should also have applied to the vice chancellor to modify his certificate for an injunction by directing the insertion of the provision required by the 33d rule in such cases, that the defendant should be at liberty to proceed to judgment at law in the ejectment suit, notwithstanding the injunction. It is true the solicitors of the complainant state they were not aware of the commencement of the ejectment suit at the time the injunction was allowed; but that is not sufficient to establish the fact that their client was ignorant of the fact at that time. Even if she was ignorant of the fact, that could not justify the extension of this injunction to restrain the plaintiff in the ejectment suit from proceeding to judgment therein, contrary to the settled practice of the court. For this reason the injunction, so far as it is supposed to operate to stay the proceedings in the ejectment suit, and the filing of a suggestion and proceeding to ascertain the mesne profits under the statute, must be set aside or modified. And as Brown is not a party to the suit, Sand cannot be restrained from collecting his costs and mesne profits so far as he is concerned. But if the right to such mesne profits are in controversy between the parties in the present suit, it may be a proper case to direct them to be paid into court to abide the event, when they shall have been ascertained and collected by the sheriff.

I think the vice chancellor also erred in supposing that the injunction master was not bound to require the sureties in the bond given upon the allowance of the injunction, under the last clause of the 31st rule, to justify as in other cases. The object of allowing the injunction master to dispense with sureties, in certain cases, was to enable the complainant to give his own bond when his personal responsibility would, in the opinion of the officer allowing the injunction, in the class of cases there specified, afford ample protection to the defendant if it should turn out that the complainant was in the wrong; in other words, where the complainant himself was worth more than double the amount of the damage which the defendant would probably sustain by reason of the injunction, if the complainant should fail in sustaining it. But where the officer allowing the injunction in the class of cases mentioned in that clause of the 31st rule, is not satisfied with the sufficiency of the complainant's own bond, and thinks that one or more sureties should join in the same, he should require such sureties to justify in double the amount of the penalty of the bond which he may think necessary to cover the damage the defendant may sustain by reason of the injunction. The provisions of the 172d rule are general, and apply to all cases in which an officer of the court is required to pass upon the sufficiency of sureties, either under a special order of the court or by virtue of any of its general rules. The whole of this injunction must be set aside for irregularity therefore, unless the sureties named in the bond in this case justify before the vice chancellor within seventy days, or a new bond is filed with sureties who shall thus justify. And in case of such justification the injunction is still to be modified as before directed.

<span class="margin-note">Justification of sureties in injunction bond.</span>

The proceeding to judgment in the ejectment suit against Brown so as to place the defendant Sand in a situation to take possession of the premises whenever or as soon as the injunction should be dissolved, does not appear to have been improper under the circumstances of this case, and is not shown to have been any injury whatever to the complainant. And Brown, who is not a party to this suit, is not entitled to the

interference of this court to protect him against a mere technical violation of the injunction which had been irregularly issued. The part of the order which directs the appellants to stipulate to vacate the judgment and pay the costs, or that an attachment issue against them, must therefore be reversed, and the motion of the complainant denied, with costs to be taxed; to be paid to the appellants Sand and Burney.

And the proceedings are remitted to the vice chancellor.

**Bond on appeal from surrogate.** *Elizabeth Van Slyke, adm'x, &c., appellant,* v. *Valentine Schmeck, respondent.* J. L. CURTENIUS, for appellant; H. GARDNER, for respondent. This was an application to dismiss an appeal from the sentence and decree of the surrogate of Niagara county, for the payment to the respondent of $1054,40 and interest. The decree appealed from was entered the 30th of December, 1842, and on the 28th of January thereafter the appellant filed in the office of the surrogate, an appeal, together with a bond to the respondent in the penalty of $100, with two sureties whose affidavits were annexed, stating that they were householders, and were each worth $200 over and above all *just* debts and responsibilities. But the bond was not approved by the surrogate, who was absent from home at the time the bond was left at his office, and did not return until the evening of that day. And when applied to to approve the bond about a month afterwards he declined to do so not only on the ground that it was too late, but also because he did not deem the sureties responsible for the amount required. The bond was also defective in form; the condition thereof being that the appellant should diligently prosecute her appeal, to effect, and pay all such costs as should be adjudged against her, *in the event of her failure to obtain a reversal of the decision appealed from,* instead of a condition to prossecute her appeal to effect, and to pay "all costs that should be adjudged against her by the court of chancery;" as required by the 108th section of the title of Revised Statutes relative to writs of error and appeals. The petition of appeal filed with the register, was also defective in form, as it did not show who were intended to be made parties to the same, as respondents in the appeal.